IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LESLIE WILLIAMS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:20-CV-582-P |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241, by Petitioner, Leslie Williams, a federal inmate confined at FMC-Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

**I. FACTUAL AND PROCEDURAL HISTORY**

In this petition, Petitioner challenges a 2019 disciplinary proceeding and the resultant sanctions, including the loss of 27 days of good time. Pet. 2-3, ECF No. 1. Petitioner was charged in Incident Report No. 3203733 with conduct disruptive to security or orderly running of a BOP facility much like engaging in sexual acts, a code 299 most like 205 violation. Resp't's App. 12, ECF No. 11. Following a disciplinary hearing, he was found to have committed the prohibited act. Resp't's App. 1, ECF No. 9.

**II. ISSUES**

Petitioner raises two grounds for relief, verbatim (all spelling, punctuation, and/or

grammatical errors are in the original):

> (1) Disciplinary Sanctions were imposed on Petitioner in violation of Constitutional rights to due process equal protection of law and actual innocence; and
>
> (2) Racial Discrimination where co-defendant's incident report and sanctions imposed reduced to low level prohibited act code.

Pet. 5-6, ECF No. 1. Petitioner seeks to have the incident report expunged and the sanctions imposed reversed. *Id* at 7.

## III. DISCUSSION

In response to the petition, Respondent has provided the declaration of Dominick DeSanto, a disciplinary hearing officer (DHO) for FMC-Fort Worth, confirming the following:

> 3. On August 17, 2020, following an administrative review, the DHO sanctions were reversed. The incident report was sent to FMC Fort Worth with instructions to rehear the case.
>
> 4. On August 21, 2020, at 7:21 a.m., I conducted the DHO rehearing. I found Mr. Williams had committed a violation of prohibited act code 409, unauthorized physical contact. He was sanctioned with suspension of commissary and email privileges for 30 days. Those sanctions were already satisfied after the original DHO hearing. His 27 days of good conduct time disallowed from the previous DHO hearing were restored.

Resp't's App. 2, ECF No. 9.

Respondent asserts that because the incident report has been expunged and Petitioner's good time restored, the petition has been rendered moot. (Resp't's Resp. 1, 2-3, ECF No 8. The Court agrees. As there is no longer any relief for the Court to award, the

petition is rendered moot and should be dismissed.

## IV. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice as moot. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 29th day of January, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE